CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 30 2008

JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EDWARD JAMES EGAN, ) | |
| Petitioner, ) | Civil Action No. 7:07-cv-00509 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| GENE M. JOHNSON, ) | By: Hon. Glen E. Conrad |
| Respondent. ) | United States District Judge |

Edward James Egan, a Virginia Department of Corrections inmate proceeding pro se, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Egan raises numerous claims pertaining to his 2004 jury trial and subsequent appeals. On December 21, 2007, respondent filed a motion to dismiss and answer. Egan has filed a response, and the matter is now ripe for consideration. Upon review of the relevant state court records and the pleadings and exhibits submitted by the parties, the court will grant respondent's motion.

## I. Factual and Procedural Background

On June 11, 2004, at the conclusion of a jury trial in the Circuit Court of Roanoke County, Egan was convicted of two counts of forcible sodomy, one count of rape, and one count of inanimate object penetration, in violation of Va. Code §§ 18.2-67.1.A.2, 18.2-61, and 18.2-67.2. The evidence presented at trial indicated that Egan and his wife were the resident managers of First Security Self Storage.[1] Egan was charged with offenses involving three victims. One victim, a fifteen-year-old female, testified that, at some unspecified date in June of 2003, Egan requested that she sweep a shed near the storage facility. The victim agreed and, upon her arrival at the storage facility, was offered a soda by Egan. The victim accompanied Egan to his apartment to receive the soda, but Egan substituted the soda with a beer. The victim testified that she drank two or three beers. After the victim drank the beers, Egan informed her that she "owed him" because he had called her father several weeks earlier, pretending to be a girlfriend's father, and said that the victim was at church, when the victim was, in fact, out with friends. Egan then pulled down his pants and forced the victim to perform oral sex. Egan then placed the victim

---

[1] This evidentiary summary is based on facts recounted in the June 30, 2005 opinion of the Court of Appeals of Virginia.

on a table and had sexual intercourse with her against her will. The victim testified that she did not tell anyone because Egan was her friend. Approximately one week later, Egan again gave the victim a beer, this time in a storage shed. At some point, Egan unwrapped a sexual toy and proceeded to penetrate the victim's vagina with the toy and to perform cunnilingus on her. An officer ultimately interviewed the victim and she provided information as to both incidents.

On November 18, 2004, in accordance with the jury verdict recommendation, the Circuit Court sentenced Egan to a term of seventy years incarceration for the two forcible sodomy charges, thirty years incarceration for the rape charge, and thirty years incarceration for the inanimate object penetration charge, for a total of one hundred and thirty years incarceration. Egan's direct appeal to the Court of Appeals of Virginia was refused by *per curiam* order on June 30, 2005. His petition for consideration by a three judge panel was denied by order entered August 5, 2005. Egan's appeal to the Supreme Court of Virginia was refused by order entered January 26, 2006.

On January 3, 2007, Egan filed a state petition for writ of habeas corpus in the Roanoke County Circuit Court.[2] In his petition, he alleged a myriad of claims pertaining to Fourth Amendment violations, an alleged warrantless search and seizure, ineffective assistance of trial and appellate counsel, and various other constitutional violations that occurred during the jury trial. By final order entered March 14, 2007, the Circuit Court dismissed Egan's habeas corpus petition. Egan appealed to the Supreme Court of Virginia; however, the petition was dismissed on September 19, 2007, because it did not contain proper assignments of error pursuant to Virginia Supreme Court Rule 5:17(c). The court denied a motion styled as a "motion to present amended appeal" on October 12, 2007. Egan filed the instant habeas petition on October 15, 2007,[3] again raising a myriad of claims.[4]

---

[2] Egan's state habeas petition was dated January 3, 2007, and was presumably delivered to prison officials for mailing on that date. For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. See Lewis v. City of Richmond Police Dep't, 947 F.2d 733, 735 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988).

[3] The record reflects that Egan signed a portion of his federal habeas petition on October 15, 2007, but it does not disclose the date on which the petition was delivered to prison officials for mailing. The petition was entered upon this
(continued...)

Case 7:07-cv-00509-GEC-mfu Document 39 Filed 04/30/08 Page 2 of 6 Pageid#: 883

## II. Statute of Limitations

A one-year period of limitation applies to habeas petitions filed under § 2254. See 28 U.S.C. § 2244(d)(1).[5] Pursuant to § 2244(d)(2), the one-year period of limitation is tolled while an inmate's "properly filed application for State post-conviction or other collateral review" is "pending." See 28 U.S.C. § 2244(d)(2). An application is "properly filed" if it conforms to state rules concerning "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Artuz v. Bennett, 531 U.S. 4, 8 (2000). Thus, an application that does not conform to such rules, but that is nonetheless accepted by the clerk of a state court, is not a properly filed application; it is merely a "pending" application that does not toll the limitation period. Id. at 9.

A conviction becomes final once the availability of appeal is exhausted. See United States v. Clay, 537 U.S. 522 (2003). Egan's direct appeal concluded on January 26, 2006, when the Supreme Court of Virginia dismissed his petition, and his time for seeking direct review in the United States Supreme Court expired ninety (90) days thereafter. See U. S. Sup. Ct. R. 13(1); Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000). Therefore, Egan's conviction became final on April 26, 2006, and he had one year from that date to challenge the judgment in a federal habeas petition, subject to tolling for the period when a properly filed state collateral review proceeding was pending.

---

[3](...continued)
court's docket on October 24, 2007. Accordingly, the court will use the date of signature, a date that marginally favors Egan, as the actual filing date. See Lewis, 947 F.2d at 735.

[4] Egan raises approximately one hundred (100) claims in the instant petition. Given that Egan's claims are extraordinarily numerous and that they will be dismissed as untimely, the court will not recount them here.

[5] Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act ["AEDPA"] on April 24, 1996, a federal petition for writ of habeas corpus must be brought within one year from the latest of the following:
  (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
  (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

Egan filed his state habeas petition on January 3, 2007. Accordingly, the one-year period was tolled during the pendency of this properly filed application for state collateral review. At that point, eight (8) months and seven (7) days, or two hundred and fifty-two (252) days, had already run on the limitations period. The state habeas proceedings concluded when the Roanoke County Circuit Court denied the petition on March 14, 2007. Egan appealed this denial to the Supreme Court of Virginia, but the petition was dismissed on September 19, 2007, because it did not contain proper assignments of error pursuant to Rule 5:17(c). Egan's state habeas appeal was not properly filed because it did not contain a list of errors. See Christian v. Baskerville, 232 F. Supp. 2d 605, 607 (E.D. Va. 2001) (finding that petition for appeal was not properly filed because it did not contain a list of errors as required by Va. Sup. Ct. R. 5:17(c) and noting that the time the appeal was pending, accordingly, would not be excluded in determining whether his petition was time barred under § 2244(d)(1)); see also McCray v. Johnson, No. 2:06-cv-728, 2007 WL 2892625 (E.D. Va. Sept. 28, 2007). Therefore, no tolling of the statute of limitations was available for the time that Egan's state habeas appeal was pending. Thus, the statute of limitations was never tolled after March 14, 2007, the date on which Egan's state habeas petition was dismissed by the Roanoke County Circuit Court. Egan did not file his federal habeas petition until October 15, 2007, several months beyond the requisite one year statute of limitations.[6] As a result, the petition is untimely. Since Egan has not demonstrated any grounds for equitable tolling,[7]

---

[6] Two hundred and fifteen (215) days passed between the March 14, 2007 dismissal of Egan's state habeas petition and the October 15, 2007 federal habeas filing date. Thus, the two hundred and fifty-two (252) days that had already run prior to Egan's state habeas petition combined with the two hundred and fifteen (215) days that ran subsequent to the denial of that petition equates to four hundred and sixty-seven (467) days, or fifteen (15) months and eight (8) days.

[7] Equitable tolling is available only in "those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Id. Petitioner must demonstrate that he exercised "reasonable diligence in investigating and bringing [the] claims." Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617 (3d Cir. 1998). Egan appears to contend that equitable tolling of the statute of limitations is available and proper because he is actually innocent of the crime for which he was convicted and he suffers from severe health problems, some of which resulted in open heart surgery. However, such claims are insufficient to invoke equitable tolling. See Arehart v. Johnson, No. 2:06-cv-698, 2007 WL 2021906, at *4 (E.D. Va. July 06, 2007) (noting that there is no provision in the federal habeas statute for an actual innocence exception to the statute

(continued...)

4

the petition must be dismissed.

Finally, assuming arguendo that the petition met statute of limitations requirements or merited equitable tolling, the instant claims cannot be reviewed by this court. Egan's claims were raised in his state habeas petition to the Supreme Court of Virginia, but the petition was rejected because it did not comply with the requirements of Virginia Supreme Court Rule 5:17(c), which requires a petitioner to list, as "Assignments of Error," the specific errors that occurred in the lower court proceedings upon which the petitioner intends to rely. Virginia Supreme Court Rule 5:17(c) is an adequate and independent state procedural rule. See Hedrick v. True, 443 F.3d 342, 363 (4th Cir. 2006) (holding that Rule 5:17(c) is an adequate and independent state procedural rule and affirming the district court's dismissal of petitioner's claims based on that rule); Yeatts v. Angelone, 166 F.3d 255, 264 (4th Cir. 1999) (holding that Rule 5:17(c) constitutes an adequate and independent rule for the purposes of its ability to support the procedural default of a federal habeas corpus claim). Consequently, Egan's claims are procedurally defaulted and may not be reviewed by this court, unless he demonstrates "cause for, and resulting prejudice from, the default or that he has suffered a fundamental miscarriage of justice." Fisher v. Angelone, 163 F.3d 835, 852 (4th Cir. 1998). Egan has not made such a showing. Therefore, this court cannot now review claims that were procedurally defaulted in the Supreme Court of Virginia.

### III. Conclusion

For the stated reasons, the court finds that Egan's habeas claims are untimely filed, that the petition is not entitled to equitable tolling, and that his claims are, at any rate, procedurally defaulted and therefore may not be reviewed by this court. Accordingly, the court will grant respondent's motion and dismiss the petition. An appropriate Order shall be entered this day. Petitioner is advised that he may

---

[7](...continued)
of limitations); O'Handley v. Johnson, No. 2:05-cv-113, 2006 WL 680998, at *1-2, (E.D. Va. Mar. 14, 2006) (noting that the United States Supreme Court has never held that an "actual innocence" exception to the one-year statute of limitations applies so as to excuse a petitioner's failure to timely file his federal habeas petition); see also Lang v. Alabama, 179 F. App'x 650, 652 (11th Cir. 2006) (finding that petitioner failed to illustrate that his medical conditions, including triple coronary bypass surgery, constituted "extraordinary circumstances" justifying equitable tolling). Thus, the court finds that equitable tolling is not available in this case.

5

appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

**ENTER**: This 29th day of April, 2008.

/s/ Jack Conrad
United States District Judge